IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| A. HAYWARD, Nebraska State Patrol, JOHN DOE, Officers of Big Springs, Nebraska City, Village Police, and JOHN DOE, Deuel County Nebraska Sheriffs Department, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 6, 2009. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on April 6, 2009, against three individual police officers, Hayward, Doe and Doe. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are difficult to decipher. However, Plaintiff generally alleges that Defendants "illegally arrested" him while he was a passenger in Bobby Joe Barfield's vehicle. (*Id.* at CM/ECF pp. 1-2.) Defendants purportedly stopped Barfield for speeding. (*Id.* at CM/ECF p. 2.) However, Plaintiff alleges that there was no probable cause for the stop and that the officers pulled Barfield over because of the "rims on the truck" and because Plaintiff is black. (*Id.* at CM/ECF pp. 1-2.)

After the stop, Plaintiff was placed in the "squad car and held" for twenty minutes. (*Id*. at CM/ECF p. 2.) Plaintiff asks the court to declare his arrest illegal and to "enjoin racial profiling subjudice." (*Id*. at CM/ECF p. 5.) Plaintiff also seeks monetary damages in the amount of $10,000,000.00, "and whatever else [the] court deems just." (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. Although Plaintiff's allegations are difficult to decipher, the court liberally construes Plaintiff's Complaint to allege a violation of his Fourth and Fourteenth Amendment rights.

#### A. Fourth Amendment Claim

It is well established that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Whren v. United States*, 517 U.S. 806, 810 (1996). In determining the reasonableness of an automobile search or seizure, the Supreme Court has recognized that automobiles are inherently mobile, motorists have a lessened expectation of privacy when traveling on the public highways, and "[a]utomobiles, unlike homes, are subjected to pervasive and continuing governmental regulation and controls." *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976); *see Cardwell v. Lewis*, 417 U.S. 583, 589-91 (1974).

Here, Plaintiff alleges that there was no probable cause for the traffic stop and that Defendants pulled Barfield over because of the "rims on the truck" and Plaintiff's race. (Filing No. 1 at CM/ECF pp. 1-2.) Liberally construed, Plaintiff has set forth enough facts to nudge his Fourth Amendment claim across the line from conceivable to plausible. As a result, this claim may proceed and he may serve Defendants with summons. However, the court cautions Plaintiff that this is only a preliminary

determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### B. Fourteenth Amendment Claim

It is also well established that officers may not selectively enforce laws on account of a person's race. *Whren*, 517 U.S. at 813. The constitutional basis to challenge the selective enforcement of the laws is the Equal Protection Clause. *Id*. However, to establish an equal protection claim a plaintiff must allege both discriminatory effect and discriminatory purpose. *Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Johnson,* 326 F.3d at 1000; *see also Chavez v. Ill. State Police,* 251 F.3d 612, 634-48 (7th Cir. 2001); *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000).

Plaintiff here did not allege that similarly situated individuals were not stopped or arrested. Accordingly, Plaintiff has not alleged sufficient facts to show the requisite discriminatory effect and purpose to establish an equal protection claim. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to allege facts sufficient to establish an equal protection claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's equal protection claims against Defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Fourth Amendment claims against Defendants may proceed. However, no summonses will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

2. Plaintiff shall have until **June 26, 2009**, to amend his Complaint to properly allege an equal protection claim against Defendants. If Plaintiff fails to file an amended complaint, Plaintiff's equal protection claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summonses will be issued for Plaintiff's Fourth Amendment claims only, in accordance with this Memorandum and Order.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 26, 2009**.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

May 22, 2009.   BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge