IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| A. HAYWARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Amend. (Filing No. 9.) On May 22, 2009, the court conducted a detailed initial review of Plaintiff's Complaint. (Filing No. 8.) At that time, the court permitted Plaintiff the opportunity to amend his Fourteenth Amendment claim, which Plaintiff failed to do. Thus, on August 8, 2009, the court dismissed Plaintiff's Fourteenth Amendment against all Defendants, and permitted service as to Plaintiff's Fourth Amendment claim only. (Filing No. 8.)

On August 7, 2009, Plaintiff sought leave to amend. (Filing No. 9.) Plaintiff's proposed Amended Complaint seeks to clarify his Fourth Amendment claim and names "Rob Jackson" as an additional Defendant. (*Id.*) Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.* Further, a motion to amend the complaint "render[s] moot" a pending motion to dismiss. *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

Here, Defendants have not yet answered and this matter has not yet been subject to a progression order. Further, Defendants have not opposed Plaintiff's Motion to Amend.[1] The court has carefully reviewed the proposed Amended Complaint and finds that amendment would not be futile and is not made in bad faith. Rather, the proposed Amended Complaint clarifies the claim made and is more specific regarding the named Defendants against whom relief is sought. The Motion to Amend is therefore granted. Further, in accordance with NECivR 15.1(b), the court will consider the amended pleading as superseding, rather than as supplemental to, the original Complaint. In light of the filing of the amended complaint, Defendant Hayward's Motion to Dismiss (filing no. 13) is denied as moot. However, the Motion to Dismiss may be renewed in response to Plaintiff's Amended Complaint.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Amend (filing no. 9) is granted. The Amended Complaint supersedes the previous Complaint. The Clerk of the court is

---

[1] The court notes that Plaintiff filed a second Motion for Amended Complaint on October 7, 2009. (Filing No. 16.) Defendant Hayward does oppose this Motion. (Filing No. 17.) However, the court will deny the second Motion for Amended Complaint because it is a duplicative request.

[2] The court reminds Defendant Hayward that it has already determined that Plaintiff has set forth enough allegations to "nudge" his claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

directed to file the proposed Amended Complaint contained in filing no. 9 as a separate document in this matter.

2. On the court's own motion, Defendant Hayward shall respond to the Amended Complaint by filing an answer or other responsive pleading no later than January 4, 2010.

3. Plaintiff's Motion for Summons (filing no. 10) is granted. The Clerk of the court is directed to issue the summons directed to Rob Jackson.

4. Plaintiff's Motion for Leave to Amend (filing no. 16), and "Appeal Notice" (filing no. 15) are denied as moot.

5. Defendant Hayward's Motion to Dismiss (filing no. 13) and Motion to Strike (filing no. 17) are denied as moot.

6. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: January 4, 2010: Defendant Hayward's answer or other responsive pleading due.

December 14, 2009.                BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.