IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV122 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| A. HAYWARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Hayward's Motion to Dismiss. (Filing No. 22.) Also pending are two Motions filed by Plaintiff relating to service of process on the remaining Defendants. (Filing Nos. 25 and 26.) As set forth below, the Motion to Dismiss is granted, and Plaintiff's Amended Complaint is dismissed in its entirety.

## I. MOTION TO DISMISS

On May 22, 2009, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 6.) In that Memorandum and Order, the court permitted Plaintiff's Fourth Amendment claim against Defendant Hayward to proceed, and permitted Plaintiff time to amend his Fourteenth Amendment claim. (*Id.* at CM/ECF pp. 3-5.) Plaintiff elected not to amend his Complaint, and the court permitted Plaintiff's Fourth Amendment claim only to proceed to service. (Filing No. 8.) The court thereafter permitted Plaintiff to file an Amended Complaint, which is nearly identical in substance to the original Complaint. (Filing No. 20.) Thus, Defendant Hayward again filed a Motion to Dismiss, alleging that Plaintiff's claims fail to state a claim upon which relief may be granted. (Filing No. 22.) Plaintiff did not respond to the Motion to Dismiss. (*See* Docket Sheet.)

### A. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B. Fourteenth Amendment Claim

As set forth in the court's May 22, 2009, Memorandum and Order, Plaintiff's original Complaint failed to state a Fourteenth Amendment claim upon which relief may be granted. (Filing No. 6 at CM/ECF pp. 3-5.) The court permitted Plaintiff ample opportunity to amend that claim, but Plaintiff chose not to do so. (Filing No. 8.) Although Plaintiff thereafter filed an Amended Complaint, the allegations are nearly identical to the original Complaint, with the exception of naming an additional Defendant. (Filing No. 20.) As such, Plaintiff's allegations still do not "nudge" his Fourteenth Amendment claim "across the line from conceivable to plausible," and, to the extent it remains pending, that claim is dismissed.

### C. Fourth Amendment Claim

Defendant Hayward argues that Plaintiff's Fourth Amendment claim should be

dismissed for failure to state a claim upon which relief may be granted because Plaintiff failed to adequately allege a claim against Defendant Hayward in his official capacity. (Filing No. 23 at CM/ECF pp. 2-5.) The court agrees.

Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson*, 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which Defendant Hayward is sued. (Filing No. 20.) Therefore, as set forth above, the court assumes that Defendant Hayward is sued in his official capacity only. The claims against Defendant Hayward, in his official capacity only, are actually claims against his employer, Deuel County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department*

3

*of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

The court has carefully reviewed the Amended Complaint. The only allegation relating to the existence of a Deuel County policy or custom is a single statement that Defendant Hayward acted "pursuant to scheme practice procedure of defendants." (Filing No. 20 at CM/ECF p. 2.) However, Plaintiff does not set forth any factual support for this allegation. Specifically, Plaintiff does not allege any pattern of conduct by Deuel County employees, does not allege any "deliberate indifference to or tacit authorization" by Deuel County's policymaking officials "after notice to the officials of that misconduct," and does not allege that a custom or practice "was the moving force behind the constitutional violation," as required by *Jane Doe*. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Deuel County, Nebraska. The court

has already given Plaintiff two opportunities to amend his claims and Plaintiff has elected not to do so. In light of this, Plaintiff's claims against Defendant Hayward are dismissed.

## II.     REMAINING DEFENDANTS

Plaintiff's Amended Complaint also names Rob Jackson, a Nebraska State Trooper, John Doe, a Big Springs, Nebraska police officer, and the Chief of Police of Big Springs, Nebraska as Defendants. (Filing No. 20.) Plaintiff is proceeding in forma pauperis in this matter. (Filing No. 5.) As set forth in 28 U.S.C. § 1915(e), the court must dismiss a "case at any time if the court determines that" the complaint or any portion thereof states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the claims against the remaining Defendants, the court finds that these claims also fail to state a claim upon which relief may be granted and must be dismissed.

### A.     The Big Springs, Nebraska Defendants

Defendants John Doe, a Big Springs, Nebraska police officer, and the Chief of Police of Big Springs, Nebraska are employees of the city of Big Springs, Nebraska. (Filing No. 20.) As with Defendant Hayward, Defendant failed to clearly and unambiguously state the capacity in which these two Defendants are sued and the court therefore assumes they are sued in their official capacities only. Thus, the city of Big Springs, Nebraska is the true Defendant. As set forth above, the only allegation relating to the existence of any municipal policy or custom is a single statement that these Defendants acted "pursuant to scheme practice procedure of defendants." (Filing No. 20 at CM/ECF p. 2.) The court need not repeat its analysis and instead finds that, for the same reasons set forth above regarding the claims against Defendant Hayward, the claims against the Big Springs, Nebraska Defendants

5

also fail to state a claim upon which relief may be granted. Again, the court has already given Plaintiff two opportunities to amend his claims and Plaintiff has elected not to do so. In light of this, Plaintiff's claims against the Big Springs, Nebraska Defendants are dismissed.

### B.     Defendant Rob Jackson

Plaintiff identifies the remaining Defendant, Rob Jackson, as a Nebraska State Trooper, and thus, an employee of the State of Nebraska. (Filing No. 20.) Again, Plaintiff did not clearly and unambiguously state the capacity in which Defendant Jackson is sued and the court therefore assumes he is sued in his official capacity only. (*Id.*) However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Here, Plaintiff seeks only monetary relief against Defendant Jackson, who is an employee of the State of Nebraska. (Filing No. 20 at CM/ECF p. 10.) As set forth above, Plaintiff may not sue a state, or its employees in their official capacities, for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. As such, Plaintiff's claims against Defendant Jackson must be dismissed.

IT IS THEREFORE ORDERED that:

1. Defendant Hayward's Motion to Dismiss (filing no. 22) is granted. All claims against Hayward are dismissed without prejudice.

2. All remaining Defendants, and Plaintiff's Amended Complaint, are dismissed without prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. All other pending motions are denied.

DATED this 8th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.